## In re R. ROMBACH & CO.

(District Court, W. D. Pennsylvania. May, 1924.)

No. 10810.

1. **Bankruptcy** ⬲314(1)—**Purchasers of stock of bankrupt corporation held not entitled to prove claims as creditors.**

Where a corporation under the laws of the state was authorized to increase its capital stock, the fact that proceedings for such an increase were irregular does not render stock issued pursuant thereto void, but the holders are de facto stockholders, and are not entitled to prove claims for the amounts paid therefor, as creditors, against the estate of the corporation in bankruptcy.

2. **Bankruptcy** ⬲314(1)—**Stockholders held not entitled to share with subsequent creditors in assets of corporation.**

Subscribers to stock of a corporation which incurred debts after they received their stock, which are provable in bankruptcy against its estate, held not entitled as against such creditors to share in the assets.

In Bankruptcy. In the Matter of R. Rombach & Co., bankrupt. On review of order of referee rejecting certain claims. Affirmed.

Francis A. Wolfe, of Pittsburgh, Pa., for creditors.

Sachs & Caplan and Frank P. Patterson, all of Pittsburgh, Pa., for trustee.

SCHOONMAKER, District Judge. This bankruptcy case now comes before the court on petition to review the findings of the referee in rejecting the claims of 28 claimants, with claims aggregating $55,000, for money paid the bankrupt for shares of the capital stock of the bankrupt corporation, which the claimants allege was issued to them in excess of the authorized capital stock of the corporation, and, that by reason thereof they became creditors of the corporation,

with provable claims, to the amount of their respective payments for such capital shares in excess of the authorized capital stock of the corporation. The trustee filed objection to the allowance of said claims on the ground that the shares in question were lawfully issued to the claimants; that no one but the commonwealth of Pennsylvania could question the validity of the shares; that, if there were any claim at all, it would be in tort; that the proper measure of damages was not specified in the claims objected to; and that claimants, by reason of their laches, are now estopped from complaining of the validity of the stock issued to them.

There was considerable testimony taken before the referee as to the claims in question and the objections filed thereto, and the referee reached the conclusion that the claimants were all de facto shareholders of the company, and that their stock could not be impeached in this proceeding, and therefore the referee rejected and disallowed all of these claims.

The petitioners for review except to certain findings of fact, or rather, we might say, to failure on the part of the referee to find certain facts. In the argument at bar, and in briefs filed, the petitioners for review do not urge their exceptions to the findings of fact of the referee, and we might properly assume that the petitioners did not care to press the exceptions. However, we have carefully reviewed the testimony in this case, and find that the referee has properly found all the facts necessary for a correct determination of the legal questions involved in this case, and we confirm all the findings of fact as made by the referee, and dismiss the exceptions thereto.

[1] The petitioners also except to the legal conclusions arrived at by the referee and to the dismissal and disallowance of their respective claims. The claims involved in the petition for review are 26 in number, and are those stated in the certificate of the referee under date of March 18, 1924. Briefly, the findings of fact show:

That the bankrupt was incorporated under the laws of Pennsylvania on January 21, 1918, with an authorized capital of 2,000 shares, of $100 each, a total of $200,000. That on February 17, 1919, the directors, by unanimous vote, attempted by a mere vote. of the directors to increase the authorized capital stock of the company from $200,000 to $250,000. All the directors were present at this meeting, and they owned 1,500 shares of the 1,741 shares of the capital stock then

outstanding; that between that date and February 17, 1920, the total number of 2,000 shares of capital stock had been issued.

That June 24, 1921, when the total number of shares issued exceeded the original 2,000 shares, a special meeting of shareholders was held, at which it was voted by the owners of 1,995 shares of stock to increase the capital stock of the company from $200,000 to $350,000, but that of this 1,995 shares but 1,851 were shareholders of the original 2,000 shares. That on March 20, 1922, there was filed in the office of the secretary of the commonwealth of Pennsylvania, a return of the corporate election on June 24, 1921, regular in form in every way, showing that the directors of the company, on June 24, 1921, voted for this increase and submitted the question to special meeting of stockholders to be held June 24, 1921, and that all the stockholders of the company owning 2,000 shares of the stock waived the constitutional and statutory notice of this meeting to vote on this increase, which fact was verified by the oath of the secretary of the company, and that judges of election were sworn and conducted the election on the increase, which resulted, as shown by the return filed with the waiver of notice, in 1,995 being cast in favor of the increase and none against it. That on the same date a return of the company in due form was filed with the secretary of the commonwealth, showing that the stock of the company had actually been increased in the sum of $61,600.

That as a matter of fact the waiver of notice of the meeting of June 24, 1921, was signed by only 1,861 shares of the original 2,000 shares and lacked the signature of 9 holders of the first 2,000 shares, who held in the aggregate, 139 shares. That at the annual stockholders' meeting of the company held on January 21, 1922, it was reported by the secretary that the necessary steps had not been taken to complete the increase of capital stock, and that those who held stock in excess of the first 2,000 shares were not entitled to vote at the meeting, and by the attorney that the necessary papers for the increase have been prepared and not filed, owing to lack of a certified check for the filing fees. Following this meeting, an attempt was made to get another waiver of notice signed up, but on failure, under the advice of the company's attorney, the original waiver of notice and return of election at the meeting of June 24, 1921, was filed as above stated.

That on January 21, 1922, directors of the company voted to increase the capital stock from $200,000 to $350,000. That at or after the meeting of January 21, 1922, some of the shareholders demanded their money. That the company, since the date of the meeting of June 24, 1921, had incurred debts which were proved as claims in bankruptcy.

On this state of facts, we cannot convict the referee of error in his legal conclusions. The most that can be said of the stock in question here is that it was irregularly issued. It was not void. There was authority to increase it. Section 7 of article 16, Const. Pa., and Act Feb. 9, 1901 (P. L. 3), as amended by Act April 22, 1905 (P. L. 280; Pa. St. 1920, § 5668). The action of the corporation, as shown by the certificate of corporate action of June 24, 1921, and the return of stock issued thereunder, was regular in form, although not promptly filed.

The referee has carefully collected and commented on all the cases bearing on the subject. These claimants were all de facto stockholders of the company and do not possess provable claims in bankruptcy. We affirm the referee's conclusions of law on his most excellent and painstaking opinion.

[2] In addition, we are also of the opinion that the petitioners are estopped, so far as this bankruptcy case is concerned, from claiming to be anything but stockholders, in view of the fact that, after they paid in their contribution to the capital stock and received their certificate, credit was extended to the company and debts created which are now provable debts in bankruptcy; and whatever may be the position of these claimants as against the company, as against the rights of intervening creditors, they are not entitled to participate in the distribution of the bankrupt's estate as a creditor. Matter of Desnoyers Shoe Co. (D. C. Ill.) 32 Am. Bankr. Rep. 51, 210 F. 533.

An order may be entered, confirming the order of the referee, and disallowing the claims of the various petitioners for review.